IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Patricia Hunt, ) | FILED: JANUARY 16, 2009 |
| ) | 09CV365 |
| Plaintiff, ) | JUDGE GRADY |
| ) | MAGISTRATE JUDGE SCHENKIER |
| v. ) | No. |
| ) | PH |
| Phillips & Cohen Associates, Ltd., a ) | |
| New Jersey corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Patricia Hunt, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Patricia Hunt ("Hunt"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that she had owed originally to Target, but now allegedly owed to Portfolio Asset Group.

4.     Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, P&C was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Hunt.

### FACTUAL ALLEGATIONS

5.     Ms. Hunt is a disabled woman, who fell behind on paying her bills.  One such debt she was unable to pay was a debt she owed originally to Target.  Accordingly, Ms. Hunt sought the assistance of legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), regarding her financial difficulties.

6.     Due to Defendant P&C's attempts to collect the debt Ms. Hunt had owed to Target, Ms. Hunt referred this matter to her attorneys at LASPD.  Accordingly, Ms. Hunt's attorney at LASPD wrote Defendant P&C a letter, dated October 20, 2008, advising Defendant P&C that Ms. Hunt was represented by counsel and directing P&C to cease contacting Ms. Hunt and to cease all further collection activities.  A copy of this letter is attached as Exhibit A.

7.     Nonetheless, Defendant P&C sent a collection letter, dated November 21, 2008, directly to Ms. Hunt demanding payment of the Target debt.  Moreover, P&C's letter declared her dead as it was addressed "To The "Estate of Patricia L. Hunt", when, in fact, she was, and is, very much alive.  This letter stated:

* * *

To The Estate of Patricia L. Hunt:

> As you should know from our prior letter, we are the probate specialists hired by **POTFOLIO ASSET GROUP** to handle the remaining balance owed by The Estate of Patricia L. Hunt.  Again, please accept our condolences on this loss to you and your family.
>
> As of the date of Patricia L. Hunt's unfortunate passing, a balance of $481.96 was owed to **PORTFOLIO ASSET GROUP**.  In an effort to assist in the resolution of this account, we are pleased that we can offer the Estate of Patricia L. Hunt, or anyone willing to pay the debts of Patricia L. Hunt, the option to settle this account at a drastic reduction by sending in payment in the amount of $409.67.  This will change the status of this account to 'settled in full'.  If you select this option there will be no further activity or attempts to collect any remaining portion.
>
> * * *

A copy of this letter is attached as Exhibit B.

8. Accordingly, on December 24, 2008, Ms. Hunt's LASPD attorney had to send Defendant P&C yet another letter directing it to cease communicating directly with Ms. Hunt.  A copy of this letter is attached as Exhibit C.

9. All of the collection actions at issue occurred within one year of the date of this Complaint.

10. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

13. Defendant knew that Ms. Hunt was represented by counsel in connection with this debt because her attorneys had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant to cease directly communicating with Ms. Hunt.  By directly sending Ms. Hunt the November 21, 2008 collection letter, despite being advised that Ms. Hunt was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

14. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-10.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17. Here, the letter (Exhibit A) from Ms. Hunt's LASPD attorney told Defendant to cease communications and that she refused to pay the debt.  By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA

18. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692e Of The FDCPA –
### False and/or Deceptive Or Misleading Statements

19.  Plaintiff adopts and realleges ¶¶ 1-10.

20.  Section 1692e of the FDCPA prohibits Defendant P&C from making any false and/or deceptive or misleading statements.  Defendant P&C falsely stated that Ms. Hunt had passed away, when, in fact, she had not passed away.

21.   Because the statement Defendant P&C made in its collection letter was not true, Defendant P&C violated § 1692e of the FDCPA.

22.  Defendant P&C's violation of § 1692e of the FDCPA renders it liable for actual statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692(k).

### PRAYER FOR RELIEF

Plaintiff, Patricia Hunt, prays that this Court:

1.  Declare that Defendant's debt collection actions violated the FDCPA;

2.  Enter judgment in favor of Plaintiff Hunt, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.  Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Patricia Hunt, demands trial by jury.

Patricia Hunt,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  January 16, 2009

5

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

6